*Revised April 18, 2024*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

PATMORE PROCTOR

        Plainiff(s),

-against-

THE CITY OF NEW YORK

        Defendant(s).

------------------------------------------------X

__24__ Civ. __02927__ (DEH) (RFT)

~~PROPOSED~~ **CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) CONFERENCE**

## Court Expectations

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Discussion Topics for Rule 26(f) Conference on Judge Tarnofsky's Individual Practices Page.

**Status Update Letters.** After paper discovery is underway and again after the deadline for completing all discovery, on dates set by the court, the parties shall file status letters to confirm that discovery is proceeding as scheduled/is complete.

Counsel represent by their signature below that they have read and will comply with the above.

Revised April 18, 2024

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, the parties met on** 08/28/2024 (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

    Plaintiff:
    Plaintiff Patmore Proctor brings the instant civil rights action against the City of New York for violations of his rights under federal law. Specifically, Plaintiff was subject to inhumane and deplorable conditions while at Rikers Island. In his Complaint, Plaintiff demanded a a jury trial and claims relief for Monell claims regarding the overall conditions on Rikers Island.

    Defendant:
    Defendant denies that it violated any of Plaintiff's Constitutional or statutory rights, and contends that it acted reasonably and lawfully. Further, Plaintiff failed to exhaust all administrative remedies.

2. **Basis of Subject Matter Jurisdiction**

    This action is brought pursuant to 42 U.S.C. Section 1983 for violations of Plaintiff's rights under the Constitution of the United States. Plaintiff's claims pursuant to state and local law fall under this Court's diversity jurisdiction.

3. **Subjects on Which Discovery May Be Needed**

    Plaintiff(s):
    Plaintiff's movement history while at Rikers Island, medical records, photographs, and any video related to his time in intake

*Revised April 18, 2024*

Defendant(s):
Plaintiff's medical records
_____
_____
_____
_____
_____
_____

4. **Informal Disclosures**

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was *disclosed by Plaintiff(s)* on N/A*_____. In addition, on 09/11/2024_____, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.
   *Defendant has informally exchanged certain discovery materials, but will make 26(a)(1) disclosures on 9/11/24

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was *disclosed by Defendant(s)* on N/A*_____. In addition, on 09/11/2024_____, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.
   *Defendant has informally exchanged certain discovery materials, but will make 26(a)(1) disclosures on 9/11/24

5. **Formal Discovery**

   The parties jointly propose to the Court the following discovery plan: All fact discovery must be completed by 03/04/2025_____. If the parties agree on a schedule that calls for the close of all discovery within four to six months, and the Proposed Case Management Plan meets that goal, then the Court is likely to cancel the initial Case Management Conference unless the parties request that the conference go forward.

*Revised April 18, 2024*

**The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.**

a. Depositions: Depositions shall be completed by 2/18/25 and limited to no more than 10 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

b. Interrogatories: Initial sets of interrogatories shall be served on or before 11/4/24. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

c. Requests for Admission: Requests for admission must be served on or before 12/4/24.

d. Requests for Production: Initial requests for production were/will be exchanged on 10/4/24 and responses shall be due on 11/4/24. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

e. Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6. Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.
Plaintiff does not anticipate any discovery disputes at this time.

**7. The parties shall file an update on the status of discovery on [the following dates]:**
November 4, 2024, January 3, 2025, and March 4, 2025

Such update shall include: _____.

*Revised April 18, 2024*

**8.    Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? _Not at this time_

    b.    Last date to amend the Complaint: _12/4/24_

**9.    Joinder of Parties**

    c.    Are there other necessary parties that need to be joined? Y/N

    d.    Is joinder of other parties anticipated? _No_.

    e.    Last date to join other parties: _12/4/24_.

**10.    Expert Witness Disclosures**

At this time, the parties do/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by _The parties will_ advise the Court if they believe expert discovery is needed

**11.    Electronic Discovery and Preservation of Documents and Information**

    f.    Have the parties discussed electronic discovery? _No_.

    g.    Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? _10/18/24 (if necessary)_

    h.    Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?
_None at this time._

**12.    Anticipated Motions**

_Plaintiff does not anticipate making any motions at this time._

**13.    Certification of Completion of Discovery**

**One week before** the scheduled completion of all discovery, the parties shall file a status letter to confirm that discovery has been completed as scheduled.

5

Revised April 18, 2024

14. **Early Settlement or Resolution**

The parties (have)/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference/referral to Court-annexed mediation (circle one); by no later than __N/A. The Parties are currently engaged in settlement talks amongst themselves, but will advise the Court if they believe a settlement conference would be fruitful.__

The following information is needed before settlement can be discussed:
Plaintiff's movement history while at Rikers Island, medical records, photographs, and any video related to his time in intake

15. **Trial**

   a. The parties anticipate that this case will be ready for trial by __6/1/25__.

   b. The parties anticipate that the trial of this case will require __3-4__ days.

   c. The parties request a jury/bench (circle one) trial.

   d. The parties consent/(do not consent) (circle one) to Magistrate Judge jurisdiction at this time.

16. **Other Matters**
There is nothing else at this time.

The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Tarnofsky's Individual Practices Webpage.

Respectfully submitted this __28__ day of __August__, 20__24__.

_____  _David Kaplan_____
Counsel for Plaintiff(s)           Counsel for Defendant(s)

I have reviewed the parties' proposed case management plan and scheduling order. The parties' case management plan and schedule is GRANTED. Thus, there is no need for an initial case management conference and the one currently scheduled for September 4, 2024 is canceled.

Date: 08/29/2024
New York, NY

So Ordered,
_____
Magistrate Judge Robyn F. Tarnofsky